IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARNOLDO REYNA,

    Plaintiff,

v.                                              CIV 11-0221 MCA/KBM

LEA COUNTY DETENTION CENTER,
NOR-LEA HOSPITAL DISTRICT, and
LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendants.

# **ORDER DENYING APPOINTMENT OF COUNSEL**

    THIS MATTER is before the Court on Plaintiff's *pro se* motion seeking appointment of counsel. *Doc. 6.* In a separate order, I granted Plaintiff permission to proceed *in forma pauperis* and ordered him to submit an initial partial payment.

    The Sixth Amendment does not guarantee right to counsel in civil cases and, thus, there is no automatic right to counsel in prisoner civil rights cases under § 1983. *E.g., Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th 2004) (citing *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998), *Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995), *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987), *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988); and *Bishop v. Romer,* 1999 WL 46688 at * 3 (10th Cir.), *cert. denied,* 527 U.S. 1008 (1999)). In considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the

nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Here, Plaintiff's *pro se* amended complaint alleges that he was denied proper medical treatment for a serious medical condition during three periods of incarceration. His allegations are confined to one paragraph, yet provide all the detail necessary to understand his claim. For example, the condition he describes is tuberculosis, he specifies his relevant dates of incarceration, he asserts that no lab tests were conducted as he requested, and he asserts that the dosage of medication he was given ("Spironaloctone") was "low" and "improper." *Doc. 7* at 2. Thus, the issues are few and very straightforward, and I find that appointment of counsel is not warranted at this time.

I also note that the above-named three defendants are the only defendants in this case according to the docket sheet. *See id.* at 1. As Plaintiff requested in his motion to "correct" and reflected in his Amended Complaint, the Lea County Chamber of Commerce was dismissed as a party to this suit, and the Lea County Board of County Commissioners was added as a party. *See Doc. 5.*

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel *(Doc. 6)* is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the Clerk amend the docket sheet to show that Plaintiff's motion to "correct" *(Doc. 5)* was granted.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE